THE STATE OF OHIO, APPELLEE, *v.* COOK, APPELLANT.

(No. 2340—Decided September 27, 1955.)

*Mr. Mathias H. Heck,* prosecuting attorney, *Mr. Francis P. Canny* and *Mr. Herbert Jacobson,* for appellee.

*Mr. William H. Wolff* and *Mr. Charles H. Boesch,* for appellant.

*Per Curiam.* This cause is submitted on motion of plaintiff, appellee herein, for an order dismissing the appeal for failure to file assignments of error and brief with the transcript, and on motion of defendant, appellant herein, for an order permitting the assignments of error and brief heretofore filed to be docketed as filed within time.

This is an appeal on questions of law in a criminal case. The transcript of the docket and journal entries was filed April 27, 1955. The motion to dismiss was filed by appellee on June 9, 1955, in which it is claimed that the assignments of error and brief were not filed with the transcript as required by Section · 2953.04, Revised Code, which, in part, provides:

"The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

·Appellee first contended that this provision of the Code is mandatory, and cited cases in support. However, the Supreme Court, in *State* v. *Nickles,* 159 Ohio St., 353, 112 N. E. (2d), 531, held this provision to be declaratory. The fifth paragraph of the syllabus is as follows:

"The provision in Section 13459-3, General Code, that the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in an appeal is directory as to the time of the filing of such brief, and an appellate court may, in the exercise of its discretion, grant additional time for the filing thereof."

In the Code·revision, Section 13459-3, General Code, be-

came Section 2953.04, Revised Code. Under the ruling in the *Nickles case* this court is required to exercise its discretion in determining whether additional time should be granted to appellant to file assignments of error and brief. The record shows that 63 days after the filing of the transcript, to wit, on June 29, 1955, the appellant filed the assignments of error and brief. No valid reason is shown for the delay. In his brief, counsel for appellant claims one of the members of the legal firm with which he is associated was ill, but counsel for the appellant was not ill and no extenuating circumstances are shown.

The rule in civil appeals is sometimes applied in criminal cases where the statutory requirement is not inconsistent therewith. *City of Cincinnati* v. *Hawkins,* 81 Ohio App., 459, 78 N. E. (2d), 61; *State* v. *Nickles, supra.* In the exercise of a sound discretion this court would be disposed to be guided by the provisions of Rule VII which are applicable to civil appeals, that assignments of error and brief shall be filed within 50 days after the date of the filing of notice of appeal. In this case notice of appeal was filed March 25, 1955. Thus, the assignments of error and brief were filed more than three months after the filing of the notice of appeal, and 63 days after the date of the filing of the transcript.

We have considered each error assigned and have carefully examined the bill of exceptions for the purpose of determining whether appellant has raised any substantial question and whether prejudicial error has intervened. We have given the matter the same consideration as if the appeal was presented on the merits. We find no prejudicial error in the record. In our opinion the case was well tried; the court's charge was fair and thorough.

In the exercise of a sound discretion this court is constrained to deny appellant's motion for additional time and to sustain appellee's motion to dismiss.

*Judgment accordingly.*

Miller, P. J., Hornbeck and Wiseman, JJ., concur.