ing the case back to the Board of Tax Appeals for its consideration of the entire record of the Tax Commissioner, including the evidence of O. H. Foster and any other evidence which the board may deem proper upon such reconsideration, as provided for in Section 5717.02, Revised Code, the last sentence of which reads as follows:

"The board may order the appeal to be heard upon the record and the evidence certified to it by the commissioner, but upon the application of any interested party the board shall order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper."

No useful purpose can be served by the court considering the six errors complained of by the appellant in its notice of appeal filed August 16, 1957, until such time as the Board of Tax Appeals has reconsidered the appeal of the appellant as outlined in the previous paragraph. Therefore, the entire case will be remanded to the Board of Tax Appeals for further proceedings as outlined in this opinion.

*Motion sustained.*

BRYANT and MILLER, JJ., concur.

THE STATE OF OHIO, APPELLEE, *v.* PRIEST, APPELLANT.

(No. 5778—Decided February 11, 1958.)

*Mr. Russell Leach,* city attorney, *Mr. Bernard T. Chupka* and *Mr. Joseph M. Clifford,* for appellee.

*Mr. Lewis M. Levinson,* for appellant.

BRYANT, J. On April 26, 1957, Eva Lambert, by affidavit filed in the Columbus Municipal Court, charged Ralph Priest, defendant, appellant herein, with the offense of assault and battery alleged to have taken place on the same date. Specifically, the affidavit charged that Priest "did unlawfully assault, bruise and beat said affiant, Eva Lambert—hit on legs." After four continuances, the case came on for trial before a judge and jury on July 17, 1957. The jury returned a verdict of guilty and the court gave Priest a thirty-day sentence, which was suspended, and fined him $100 and costs. A motion for a new trial was filed, which was overruled on August 8, 1957, and, on the same date, Priest filed his notice of appeal to this court on questions of law. A copy of the notice was furnished to the police prosecutor.

Priest filed his bill of exceptions in the court below on August 22, 1957, and, on September 4, 1957, it was filed in this court.

On January 16, 1958, a motion to dismiss the appeal was filed on behalf of plaintiff, appellee herein, and a copy mailed to counsel for Priest. No answer brief has been filed although nearly another month has gone by. The ground is failure of appellant to file his brief and assignment of errors within time.

Applicable here are the provisions of Rule VII (D) of the Rules of the Courts of Appeals in effect prior to January 1, 1958, this proceeding having begun prior to the effective date of the amendments effective on January 1, 1958. Here the judgment and sentence were imposed July 17, 1957, when a motion for a new trial was filed. The motion for a new trial was overruled on August 8, 1957.

Section 2953.05, Revised Code, gives an appeal as of right "within thirty days after sentence and judgment." Sentence and judgment in this case were imposed on July 17, 1957, hence, the notice of appeal which was filed in the court below on August 8, 1957, was well within the thirty-day period.

Section 2953.04, Revised Code, requires that "upon filing the notice of appeal there shall be filed in the appellate court the transcript and original papers." The transcript was filed in this court on September 4, 1957, the same date as the bill of exceptions. Section 2953.04, *supra*, further provides that "the

brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

Under the second paragraph of Rule VII (D) of the Rules of the Courts of Appeals, the last date for filing the bill of exceptions with the trial court was September 9, 1957, this being 30 days after the overruling of the motion for a new trial, August 8, 1957 (See Section 2945.65, Revised Code), with two days, Saturday and Sunday added, because the final date came on Saturday, a legal half-holiday.

The brief and assignments of error were due to be filed with the transcript or, even under the most liberal interpretation, on the final date when the transcript could have been filed.

We have made a careful search of the record and although more than five months or over 150 days have gone by since September 4, 1957, no step has been taken on behalf of appellant since that date nor has there been any showing as to any reason for this long delay or any request for additional time.

We can only conclude that appellant by this long delay has lost interest in and completely abandoned this appeal. The motion to dismiss is well taken and will be sustained upon the authority of *State* v. *Nickles,* 159 Ohio St., 353, 112 N. E. (2d), 531. See, also, *State* v. *Cook,* 101 Ohio App., 222, 138 N. E. (2d), 436.

*Motion sustained.*

PETREE, P. J., and MILLER, J., concur.