**CINCINNATI (City), Appellee, v HAWKINS, Appellant.**

**CINCINNATI (City), Appellee, v LEVINE, Appellant.**

Ohio Appeals, First District, Hamilton County.

Nos. 6790-6792.   Decided May 26th, 1947.

Harry S. Williams, Jr., Cincinnati, for Pauline Hawkins, Appellant.

R. J. Paul, Cincinnati, and Don Burkholder, for City of Cincinnati, Benjamin S. Schwartz, Cincinnati, and Harry M. Wasserman, for Abe Levine.

## OPINION

By ROSS, J.

These two cases, while not consolidated, involve identical questions. In each case, the Common Pleas Court of Hamilton County affirmed a final judgment of the Municipal Court of Cincinnati. In each case, a motion to dismiss the appeal upon questions of law in this Court was filed by appellee, on the ground that the brief of appellant was not filed with the transcript from the Common Pleas Court, as required by §13,459-3 GC.

This section provides in part: "The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

Is this provision jurisidictional in character or does it repose in the Court of Appeals a right to exercise a sound discretion in the interests of justice?

It is the conclusion of this Court that the latter alternative presents a proper construction of the statute.

Referring again to §13,459-3 GC, it will be noted that the first sentence of this section provides: "The proceedings to review such judgment or final order shall be by appeal which **shall be instituted** by filing notice of appeal with the court rendering such judgment or order and with filing a copy thereof in the Appellate Court where leave to appeal must be obtained." (Emphasis added.)

Now, it will be noticed that the appeal is, therefore, **instituted** when the notice of appeal is filed as required by the statute.

According to Webster's International Dictionary (1945) the word "institute" is derived from a Latin word meaning "to place in." It is defined as meaning "To set up, to originate and establish, to cause to be, to found."

In the shorter Oxford English Dictionary (1933) the word is defined "To set up, establish, found, ordain, to introduce, bring into use or practice, to set on foot, initiate, start."

The words "shall be instituted" indicate that when the notice of appeal is filed "such appeal" is an accomplished fact. The later provisions in the section applicable to further action

in connection with the appeal are ancillary to and subsequent in point of time to the appeal which has been effected, "instituted."

This Court held in **State v Ahlbrandt, 79 Oh Ap 199,** that an act (116 V. 104 Ohio Laws) designated as "An act to establish a simplified method of appellate review" applied not only to appellate procedure in civil cases but also to appellate procedure in criminal cases, as in such act noted, and unless specific provisions of the Code applicable to Appellate procedure in criminal cases provided otherwise, §13,459-3 GC, was amended by this act (116 V. 104 Ohio Laws) changing the old procedure for review by petition in error to procedure by appeal. In the Ahlbrandt case, this Court applied the provisions of §12,223-21 GC, found in the Code under Title V "Procedure On Appeal" and Chapter I, "Appeals" to a criminal case, upon the basis that there was in the provisions of the Code applicable only to criminal procedure no provision covering the matter contained in §12,223-21 GC, and reversed the judgment of the Common Pleas Court of Hamilton County for failure to comply with the provisions of §12,223-21 GC, and state its grounds of reversal of the Municipal Court of Cincinnati. As further noted in the Ahlbrandt case, §12,223-1 GC, unquestionably applies to criminal procedure, in so far as it does not conflict with contrary provisions in the Code of Criminal Procedure.

It will also appear from an examination of the provisions of the Code applicable to appeals of criminal cases that nowhere is it provided what a notice of appeal shall contain. Can it be doubted that §12,223-5 GC, would be applicable?

On the other hand, where a provision of the Code applicable to appeals of criminal cases is definite and specific, that provision controls as against general provisions applicable to all appeals. **State v Ahlbrandt, 78 Oh Ap 123.**

Our attention has been directed to a number of decisions of the Courts of Appeal which consider §13,459-8 GC.

In **State v Jarcho, 65 Oh Ap 417,** the Second District held that the provisions of this section were mandatory. It will be noticed, however, that this Court stated in its opinion that it considered Rule VII of the Court of Appeals as mandatory, and always enforced it as such. Other Courts of Appeal consider that Rule VII of the Court of Appeals reposes in this Court a sound discretion to relax the enforcement of the same in the interests of justice. **Gusweiler v Riverview Apartments, 54 Oh Ap 132,** (Court of Appeals, First District); **Leashley v Rezac, 132 Oh St 304.**

It would seem, therefore, that the Jarcho case and others of similar import may be sustained upon the principle that those Appellate Courts consider both the provisions of §13,459-3 GC, applicable to briefs, and Rule VII of the Court of Appeals, are binding upon them, rather than that either of such provisions are jurisdictional in character.

The same Court of Appeals (Second District) followed the Jarcho case in State v Smith, 33 Abs. 612.

In State v Bell, 52 Oh Ap 11, the Court of Appeals of the Fifth District held the provisions of §13,459-3 GC, mandatory, but at pages 12 and 13 of the opinion, the Court states:

"As heretofore stated, only forty-two days had elapsed between the filing of the notice of appeal and the submission of the cause. Counsel might have withheld, until the fiftieth day, the filing in this court of his brief and bill of exceptions, but under §13,459-3 GC, they are to be filed at the same time. We could with propriety sustain the motion to dismiss for failure to file brief, but we are not doing so, since the procedure is new to counsel and the court, and because we deem it important to pass upon the other branch of the state's motion. The motion to dismiss for failure to file brief is overruled for the reasons indicated."

It is evident that the Court of Appeals of the Fifth District did not consider the provisions applicable to briefs jurisdictional.

In State v Parnell, 56 Oh Ap 77, the Court of Appeals of the Sixth District followed State v Bell, 52 Oh Ap 11. It is apparent, however, from the reasoning of the opinion that the provisions of §13,459-3 GC, while considered as mandatory in reference to briefs, as the provisions of Rule VII of the Court of Appeals, are not considered jurisdictional.

It is true that the Sections of the Code applicable to criminal appeals in criminal cases contain no such specific provision as is found in §12,223-4 GC. That section provides "* * * and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

The Supreme Court has repeatedly held that the only jurisdictional step now necessary to perfect an appeal on questions of law is the filing of a notice of appeal. Loes v Wheeling & Lake Erie Ry. Co., 134 Oh St 321; Damar Realty Co. v City of Cleveland, 140 Oh St 432; Bauer v Grinstead, 142 Oh St 56; State, ex rel. v Brookes, Jr., et al., 142 Oh St 107.

There appears no reason why the provisions of §12,223-4 GC, should be limited to civil cases only.

In any event, the language of §13,459-3 GC, is such as to require a conclusion that the filing of the notice of appeal is the only jurisdictional requirement to permit the Court of Appeals to entertain the appeal. The appeal as therein provided is "instituted," that is perfected, when the notice is properly filed.

Valid reasons appear for the exercise of this Court's sound discretion in permitting the filing of briefs. To hold otherwise, would require a strict and limited construction of the appellate procedure act, and result in a decision by this court otherwise than upon the merits and interfere with the due administration of justice.

Briefs may be filed, if not already filed, in the cases here involved and the cases will be set down for hearing upon the trial docket.

The motions to dismiss in each case are overruled.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.