Tom COOK, Firehole Oil Co., Firehole II, Inc., J. Tate Hale, Jim Black Children's Trust, and the Statman Co., Respondents,

v.

Larry G. BISHOP, individually and d/b/a Bishop Royalty, Inc. an Oklahoma Corporation, Petitioners.

No. 62586.

Supreme Court of Oklahoma.

Nov. 1, 1988.

Richard Hutton, Henryetta, E. John Eagleton, Todd Maxwell Henshaw, Houston and Klein, Inc., Tulsa, for petitioners.

Billy L. Martin, Okmulgee, for respondents.

DOOLIN, Chief Justice.

Tom Cook, Firehole Oil Co., Firehole II, Inc., J. Tate Hale, Jim Black Children's Trust, and the Statman Co., [investors] brought an action for rescission under the Oklahoma Securities Act, 71 O.S.1981, §§ 1–501, for sale of unregistered securities involving fractional oil and gas working interests sold by Larry G. Bishop and Bishop Royalty, Inc. [issuer]. The issuer answered inter alia that the investors were knowledgeable, sophisticated, and had been engaged in oil and gas exploration for many years; the interests sold were exempt from registration under 71 O.S.1981, § 401(b)(15)(A)(1–4); and no fraud or deceit had been alleged nor occurred. The investors moved for summary judgment based upon the pleadings, briefs, partial admissions and affidavits. The trial court granted summary judgment for investors and issued an order certifying interlocutory appeal to this Court under 12 O.S.1981, § 952(b)(3).

In certifying interlocutory appeal, the court expressed its view that there was no,

. . .

commission or other remuneration, direct or indirect, within the meaning of 71 O.S.A. Sec. 401(b)(15)(A)(2); that Securities Commission Rule R–410(a)(1) notwithstanding, this Court is required by the decision of the Oklahoma Supreme Court in Lambrecht v. Bartlett, 656 P.2d 269 (Okl.1982), to find that the carried interest retained by Defendants and the supervision fees charged by defendants constitute commission or other remuneration within the meaning of 71 O.S.A. Sec. 401(b)(15)(A)(2) and that Defendants therefore fail to qualify for the exemption provided in that section of the Oklahoma Securities Act.

We grant certiorari for the limited purpose of determining whether the trial court misapplied Lambrecht v. Bartlett, 656 P.2d 269 (Okl.1982).

The facts in this case are essentially the same as in Mayfield v. H.B. Oil & Gas, 745 P.2d 732 (Okl.1987). Here, the issuer retained a carried interest in a "third for a quarter deal." As in Mayfield, the issuer

here raises the affirmative defense that these securities are exempt from registration under 71 O.S.1981, § 401(b)(15), and the trial court granted the investors' motion for summary judgment. Additionally, the issuer charged the investors a supervisory fee to drill and complete the wells. See, Petroleum Resource Dev. Corp. v. State, ex rel. Day, 585 P.2d 346 (Okl.1978).

■ The issuer, as the party claiming the exemption, has the burden of proving a security is exempt from registration, and all elements of the particular exemption claimed must be proven. Mayfield at 735.

Section 401(b)(15)(A) contains four subparagraphs. (Subparagraphs (1) and (3) are not at issue on appeal.) Two of the subparagraphs are at issue here: the prohibition against commission or other remuneration (subparagraph 2), and the prohibition against sale of unregistered securities to persons incapable of evaluating or bearing the risks of investment (subparagraph 4).

■ The purpose of the prohibition against commission or other remuneration in subparagraph 2 is to prevent dilution of the investor's funds. Mayfield at 735. The purpose of the prohibition in subparagraph 4 is to protect "unsophisticated and unknowledgeable investors not able to fend for themselves." Id. at 734.

The trial court found itself bound by Lambrecht v. Bartlett, 656 P.2d 269 (Okl. 1982), to find, as a question of law, that the carried interests and the supervisory fees were commissions or other remuneration and accordingly granted summary judgment. The main purpose of summary judgment is to avoid useless trials and at the same time achieve a final determination on the merits. J. Friedenthal, M. Kane & A. Miller, Civil Procedure, 434–35 (1985). The standard we apply for granting summary judgment in commission or other remuneration cases is, . . .

if the evidence is so clearly preponderant that it reasonably admits of but one conclusion, that the retained interest is remuneration for sales effort or that the interests are in excess of what is reason-

able in light of all the applicable facts and circumstances, then the disposition of the case becomes a matter of law and the trial court may grant summary judgment.

*Mayfield,* at 735–36.

In *Lambrecht,* we found the trial court erred by refusing to direct a verdict for the investors at the close of evidence after trial. A directed verdict is a mechanism by which the judge controls the jury by taking the case out of the jurors' hands, and acts somewhat like a delayed summary judgment motion in that it determines that there are no genuine issues of fact that need to be sent to the jury. Friedenthal, *supra* at 540.

In *Lambrecht* the record was sufficiently developed after adversarial testing such that, when taken together with the stipulations of the parties and the applicable statutes, no issue of fact existed to submit to the jury and the disposition of the case became a question of law for the court. *Id.* at 273. Here, in contrast, the most significant feature of the record before us is its paucity. The court granted summary judgment based upon the pleadings, briefs, partial admissions and affidavits.

The instant case is similar to *Mayfield,* where we found the record in support of summary judgment might reasonably support differing conclusions; therefore, summary judgment was inappropriate. *Mayfield,* at 736. The record here reflects material questions of fact exist whether the carried interests in this "third for a quarter deal" and the supervisory fee exceeded a reasonable fee for the services actually performed; a material question of fact exists whether the working interest retained had the effect of diluting the investors' funds; and, a material question of fact exists whether the knowledge and business skills of the investors made them members of a class requiring protection of the Oklahoma Securities Act. We, therefore, conclude the trial court misapplied *Lambrecht* and erred in granting summary judgment.

Our decision should not be taken to mean that the trial court may not grant summary

judgment upon further development of the facts or that the defense raised by the issuer under Section 401(b)(15) must be tested by the crucible of a trial. We merely require that the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue of material fact and that reasonable minds could not reach differing inferences or conclusions that the issuer has or has not satisfied his burden of proof concerning all elements of the exemption claimed. See, *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okl.1988).

The summary judgment is REVERSED and the case is remanded for further proceedings not inconsistent with this opinion.

HARGRAVE, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., dissents.