**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RETTA SEABOLT,

      Plaintiff-Appellant,

v.

HOUSING AUTHORITY OF THE
CITY OF LAWTON, OKLAHOMA;
CITY OF LAWTON, OKLAHOMA,

      Defendants-Appellees.

No. 97-6180
(D.C. No. 95-CV-2042)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Retta Seabolt appeals the district court's order granting summary judgment to defendants on her state claims of defamation and retaliatory discharge. In the 42 U.S.C. § 1983 action filed in the district court, she also alleged violation of her right to due process and equal protection. On appeal, she has abandoned her federal constitutional claims. Therefore, we review the Oklahoma state law claims and affirm.

Plaintiff was the Executive Director of the Lawton, Oklahoma Housing Authority until she was discharged on February 3, 1995, by the Housing Authority Board (the Board). Prior to her termination, plaintiff filed a worker's compensation claim for work-related injuries. She claims she was retaliatorily discharged in violation of Okla. Stat. tit. 85, § 5, for filing the worker's compensation claim. As regards her defamation claim, she alleges that Board members falsely accused her of embezzling public funds.

We review the grant of summary judgment de novo, applying the same standard as the district court. See Applied Genetics Int'l, Inc., v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We consider the record in the light most

favorable to the nonmoving party.  See Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

On appeal, plaintiff asserts that summary judgment was inappropriate because the following material facts were in dispute:  (1) whether plaintiff was an at-will employee, (2) whether defendants had a retaliatory motive in discharging plaintiff, and (3) generally, defendants' reasons and motives in discharging plaintiff.  She also claims that the district court's finding that she had proved a prima facie case in her workers' compensation retaliatory discharge claim required a jury determination of the ultimate issues, and the district court failed to consider statements made about plaintiff after her termination before granting summary judgment on her defamation claim.  She asserts that the government defendants are liable for the acts and statements of their members and employees.  The issue of whether plaintiff was an at-will employee was pertinent only to her procedural due process claim which she does not raise on appeal.  Therefore, the issue is deemed waived.  See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

Plaintiff's argument that proof only of a prima facie case of retaliatory discharge will defeat summary judgment ignores the rest of the burden-shifting scheme employed to determine whether a case should be submitted to a jury. In Buckner v. General Motors Corp., 760 P.2d 803 (Okla. 1988), the Oklahoma

Supreme Court explained the proper series of proofs. The employee must first establish a prima facie case. See id. at 806. Then the burden of production "shifts to the employer to rebut the inference that its motives were retaliatory by articulating that the discharge was for a legitimate non-retaliatory reason." Id. at 806, 807. If the employer carries this burden, the ultimate burden of persuasion rests with the employee to establish that his or her "discharge was significantly motivated by retaliation for [the] exercise of statutory rights," or that the employer's proffered non-retaliatory explanation is "unworthy of credence." Id. at 807.

Here, the district court held that although plaintiff had established a prima facie case, she had failed to adduce evidence to rebut defendants' non-retaliatory reason for discharging plaintiff -- her failure to perform the duties of her position. On appeal, she points to no evidence to contradict the district court's conclusion, other than to state that defendants did not present evidence of a non-retaliatory reason for discharging her, see Reply Br. at 3, a statement not supported by the record. Similarly, she claims that material facts were in dispute regarding defendants' motives and reasons for discharging her, but she points to no evidence to support her argument. We decline to provide an argument for plaintiff on appeal. See National Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1244 (10th Cir. 1989). Therefore, we hold that

plaintiff's proof of a prima facie case was insufficient to defeat summary judgment.

We next address plaintiff's defamation claim. On appeal, she does not challenge the district court's findings that the statements made during the Board meetings were absolutely privileged, see Okla. Stat. tit. 12, § 1443.1, or that her stipulation that she was a public figure invoked the "actual malice" requirement of New York Times Co. v. Sullivan, 376 U.S. 254 (1964). Rather, she alleges that defamatory statements about her were made after she was discharged. According to plaintiff, those statements need not have been made with "actual malice."

We do not decide whether the "actual malice" requirement expired upon plaintiff's discharge because she identifies no statement made after that time. Plaintiff's only reference to the record to support this claim is to her own deposition in which she described statements made during a Board meeting, that the district court found to be absolutely privileged. Moreover, the record indicates that the Board meeting occurred before plaintiff's termination. Plaintiff, as appellant, must provide essential references to the record to carry her burden of proving error. See S.E.C. v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992). Although it is not the court's duty to "sift through" the record to find support for plaintiff's arguments, see id., we have reviewed the materials submitted and have

-5-

found no reference to any defamatory statement made about plaintiff after she was discharged. Accordingly, plaintiff has not demonstrated that the district court erred in entering summary judgment on her defamation claim.

Because we conclude that the district court correctly granted summary judgment to defendants, we need not address plaintiff's governmental immunity argument.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge