2012 OK CIV APP 6

**Bernestine JOHNSON, Plaintiff/Appellant,**

v.

**ST. SIMEON'S EPISCOPAL HOME, INC., Defendant/Appellee.**

**No. 108,983.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 9, 2011.

Certiorari Denied Jan. 17, 2012.

---

Donald E. Smolen, II, Smolen. Smolen, & Roytman, PLLC, Tulsa, OK, for Plaintiff/Appellant.

Angelyn L. Dale, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 Plaintiff/Appellant Bernestine Johnson (Johnson) brought a wrongful termination suit against Defendant/Appellee St. Simeon's Episcopal Home, Inc. (St. Simeon's). Johnson alleged she was discharged in retaliation for filing two Workers' Compensation claims. St. Simeon's moved to dismiss the case based on the Nursing Home Care Act, which prohibits nursing homes from employing nurse's aids with drug distribution convictions. Johnson appeals from the trial court's order

granting St. Simeon's motion to dismiss. We affirm.

¶ 2 Johnson was employed as a nurse's aid by St. Simeon's, a residential facility for Alzheimer's patients. After being injured while working, Johnson filed two Workers' Compensation claims. Thereafter, St. Simeon's discovered Johnson had a felony conviction in Indiana for dealing in cocaine or narcotic drugs. St. Simeon's terminated Johnson, citing the Oklahoma Nursing Home Care Act as its reason for doing so. Johnson filed a claim for wrongful discharge, alleging retaliation for filing Workers' Compensation claims.[1] St. Simeon's filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted St. Simeon's motion to dismiss and found that "it is apparently undisputed that Plaintiff was working as a felon in violation of State law and this fact negates any claim for relief by Plaintiff."

¶ 3 The trial court granted the motion to dismiss. However, evidentiary materials were attached to St. Simeon's motion to dismiss and Johnson's response. We therefore treat the trial court's order in favor of St. Simeon's motion as one granting summary judgment. 12 O.S.2001 § 2012(B).

¶ 4 We review the trial court's grant of summary judgment de novo. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. We, like the trial court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.*

¶ 5 Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2001, Ch. 2, App. 1. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group,* 1999 OK 7, ¶ 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Nat'l Mortgage Ass'n,* 1999 OK 73, ¶ 6, 988 P.2d 1275, 1278. A fact is "material" if proof of that fact would have the effect of establishing or refuting one of the essential elements of the cause of action. *Buck's Sporting Goods, Inc. v. First Nat. Bank & Trust Co.,* 1994 OK 14, ¶ 11, 868 P.2d 693, 698. Where, as here, the Defendant moves for summary judgment on the basis of an affirmative defense, it must show that there is no substantial controversy as to the facts that are material to the affirmative defense, and that the facts and inferences that may be reasonably drawn from them are in its favor. *Daugherty v. Farmers Coop. Ass'n,* 1984 OK 72, ¶ 5, 689 P.2d 947, 949.

¶ 6 It is undisputed that Johnson was convicted of dealing in cocaine or narcotic drugs in Indiana. The Nursing Home Care Act prohibits Oklahoma nursing homes from hiring or continuing to employ persons who have been convicted of distributing drugs. 63 O.S.Supp.2008 § 1–1950.1(F). Three questions are raised on appeal. First, whether Johnson can maintain a cause of action for retaliatory discharge if St. Simeon's was required by the Nursing Home Care Act to terminate her employment. Second, whether, despite the statute, Johnson can maintain a cause of action for retaliatory discharge if retaliation was a significant factor in St. Simeon's decision to terminate her employment. Third, if St. Simeon's violated the Nursing Home Care Act because it knew about Johnson's conviction when she was hired, is St. Simeon's now precluded from asserting a defense based on the Act?

¶ 7 To maintain a cause of action for retaliatory discharge, the employee must establish her *prima facie* case. The elements of the prima facie case are: (1) plain-

---

**1.** 85 O.S.Supp.2008 § 5 of the Workers' Compensation Act provides: "No person, firm, partnership, corporation, or other entity may discharge, or, except for nonpayment of premium, terminate any group health insurance of any employee because the employee has in good faith ... filed a claim."

This section of Workers' Compensation Act has since been recodified. Worker's Compensation Code, 2011 Okla. Sess. Law Serv., ch. 318 (to be codified at 85 O.S.2011 § 341).

tiff was employed by the defendant; (2) sustained an on the job injury; (3) received treatment under circumstances which put the employer on notice that treatment has been rendered for a work-related injury, or that the employee, in good faith, instituted proceedings under the Workers' Compensation Act; and (4) consequent termination of employment. *Buckner v. Gen. Motors Corp.*, 1988 OK 73, ¶ 9, 760 P.2d 803, 806 (citing *Elzey v. Forrest*, 1987 OK 58, 739 P.2d 999). After a prima facie case is established, the burden shifts to the employer to rebut the inference that its motives were retaliatory by articulating that the discharge was for a legitimate non-retaliatory reason. *Id.* ¶ 9, 760 P.2d at 806–07. The employer need not persuade the court that it was actually motivated by the proffered reasons. *Id.* ¶ 9, 760 P.2d at 807. The employer only needs to produce relevant and credible evidence of its legitimate non-retaliatory reason for discharging the employee. *Id.* The employee then has an opportunity to demonstrate that the reason offered by the employer for terminating her was not the true reason for the employment decision but was, rather, a pretext. *Id.* ¶ 10, 760 P.2d at 807. The burden of persuasion always remains with the employee. *Id.* ¶ 11, 760 P.2d at 807.

■ ¶ 8 Johnson pleaded her *prima facie* case, and St. Simeon's defended the claim based on 63 O.S.Supp.2008 § 1–1950.1(F) of the Oklahoma Nursing Home Care Act. St. Simeon's rebuts the fourth element of Johnson's prima facie case: consequent termination. St. Simeon's legitimate non-retaliatory reason was that, according the Nursing Home Care Act, it was compelled to terminate Johnson because she had been convicted of dealing drugs.

¶ 9 With regard to the first question, we find St. Simeon's was required, as a matter of law, to discharge Johnson. The Nursing Home Care Act requires that a nursing home employer request from the Oklahoma State Bureau of Investigation (OSBI) a criminal arrest check of applicants for employment. 63 O.S.Supp.2008 § 1–1950.1(B)(1). An employer may not permanently hire someone

until the results of the criminal arrest check are received. *Id.* § 1–1950.1(C). If the results of the criminal history background check reveal that the applicant has been convicted of unlawful possession or distribution of Schedule I through V drugs, the employer *shall not* hire the applicant.[2] Furthermore, the employer may request a criminal history background check at any time while a person is employed. *Id.* § 1–1950.1(B)(5). If the results of a criminal history background check reveal that an employee has been convicted of unlawful possession or distribution of Schedule I through V drugs, *the employer shall immediately terminate the person's employment. Id.* § 1–1950.1(F)(2).

¶ 10 It is clear from the statute that St. Simeon's was prohibited from employing Johnson. Furthermore, upon learning of Johnson's conviction, the statute compelled St. Simeon's to terminate Johnson's employment immediately.

¶ 11 With regard to the second question, we find the standard articulated in *Thompson v. Medley Material Handling, Inc.*, 1987 OK 2, ¶ 5, 732 P.2d 461, 463, does not preclude summary judgment. Johnson argues that, regardless of the statutory prohibition on her employment, St. Simeon's also had a retaliatory motive for discharging her and that the intent and motivation behind St. Simeon's decision is a factual issue in dispute, thus precluding summary judgment. Johnson alleges St. Simeon's knew about her conviction when she was hired and this creates an inference that St. Simeon's discharged her because she filed the Workers' Compensation claim, not because they had recently discovered the conviction. Johnson suggests that the statute should not change the court's analysis under *Thompson* and that while the Nursing Home Care Act may have been one motivation for discharging her, retaliation was also a significant factor in its decision to terminate.

■ ¶ 12 Johnson is correct that, in general, to maintain a retaliatory discharge action, retaliation need not be the employer's sole

---

**2.** 63 O.S.Supp.2008 § 1–1950.1(F)(1)(n). Schedule I through V drugs are defined by the Uniform

Controlled Dangerous Substances Act, 63 O.S. § 2–101 *et seq.*

motivating factor for terminating an employee. However, to avoid summary judgment, Johnson must demonstrate that a genuine issue of material fact exists as to whether (1) St. Simeon's decision to terminate was significantly motivated by retaliation for filing a Workers' Compensation claim, or (2) that the St. Simeon's proffered explanation is unworthy of belief. *Buckner*, ¶ 9, 760 P.2d at 807. Under *Thompson*, "when retaliatory motivations comprise a significant factor in an employer's decision to terminate an employee, even though other legitimate reasons exist to justify the termination, the discharge violates the intent of § 5" of the Workers' Compensation Act. 1987 OK 2, ¶ 5, 732 P.2d at 463.

¶ 13 The Nursing Home Care Act does alter our analysis under *Thompson*. Compliance with the statute is not simply a legitimate non-retaliatory reason for terminating an employee, such as misconduct. As a nursing home facility, St. Simeon's was required to comply with the Act and was therefore required to discharge Johnson. Whether or not St. Simeon's had some underlying retaliatory motive, it was ultimately required to discharge Johnson according to the statute. Likewise, if an employee never filed a Workers' Compensation claim, but a criminal background check conducted during the course of her employment revealed a drug dealing conviction, St. Simeon's would be compelled to terminate that employee. To subject St. Simeon's to liability for terminating Johnson from a job which she was not legally authorized to have, would place St. Simeon's in the untenable position of risking civil liability for wrongful termination by following the law, or violating the law in order to avoid civil liability.

¶ 14 Johnson has failed to demonstrate that a genuine issue of material fact exists as to whether St. Simeon's decision to terminate was significantly motivated by retaliation for filing a Workers' Compensation claim. Johnson is asking St. Simeon's to violate the law by continuing to employ her. The Nursing Home Care Act did not leave St. Simeon's with any choice but to terminate Johnson.

■ ¶ 15 The facts of this case should be distinguished from the line of cases addressing after-acquired evidence in retaliatory discharge actions. In general, an employee can maintain a cause of action for retaliatory discharge if the employer learned of the employee's criminal conviction *after* making the decision to terminate.[3] It is undisputed that St. Simeon's learned of Johnson's drug distribution conviction *prior to* making its decision to terminate her employment. Therefore, the after-acquired evidence doctrine is not implicated.

¶ 16 Lastly, St. Simeon's is not precluded from refuting Johnson's retaliatory discharge action based on the Nursing Home Care Act, even if it knew about the conviction when she was hired. The parties disagree as to when St. Simeon's learned about Johnson's conviction. St. Simeon's claims it did not learn of the conviction until it investigated the Workers' Compensation claims. Johnson claims St. Simeon's knew about the conviction when it offered her employment as a nurse's aid.

---

3. In *Silver v. CPC–Sherwood Manor, Inc.*, 2006 OK 97, 151 P.3d 127, the Supreme Court of Oklahoma reversed the trial court's order granting a nursing home's motion for summary judgment based on the Nursing Home Care Act. The employee in *Silver* sued the nursing home for wrongful termination in violation of public policy. *Id.* ¶ 3, 151 P.3d at 128. The employee, like Johnson, had been convicted of a crime that prohibited his employment at the nursing home. *Id.* ¶ 4, 151 P.3d at 128–29. However, the nursing home did not discover the conviction until *after* it discharged the employee. *Id.* The nursing home attempted to use its post-termination discovery of the conviction to justify its prior decision to terminate. The issue on appeal was whether the after-acquired evidence of the conviction barred the employee's claim. *Id.* ¶ 1, 151 P.3d at 128. The Supreme Court held that the after-acquired evidence limited damages but did not bar the claim, even though the nursing home was required, as a matter of law, to terminate the employee. *Id.*

In reaching its decision in Silver, the Supreme Court relied on *Mosley v. Truckstops Corp. of Amer.*, 1993 OK 79, 891 P.2d 577. In *Mosley*, the former employee claimed he was discharged from his employment in retaliation for exercising his rights under the Workers' Compensation Act. *Id.* ¶ 6, 891 P.2d at 580. After terminating the employee, the employer learned that he made false statements and failed to list a felony charge on his application. *Id.* The Supreme Court held it was reversible error to include a jury instruction that after-acquired evidence of an employee's misconduct relieved the employer of liability for retaliatory discharge. *Id.* ¶ 16, 891 P.2d at 583.

Johnson argues that St. Simeon's should not be protected from liability for retaliatory discharge because it knowingly violated the Nursing Home Care Act when it hired her.

¶ 17 Whether St. Simeon's knew about the conviction at the time Johnson was hired is not material to the retaliatory discharge claim. However, the undisputed fact that St. Simeon's knew about the conviction before it decided to discharge Johnson is material to St. Simeon's defense based on the Nursing Home Care Act. Therefore, there is no substantial controversy as to a material fact.[4]

¶ 18 The Nursing Home Care Act required that St. Simeon's immediately discharge Johnson upon learning of her drug distribution conviction. The undisputed facts that Johnson had a drug distribution conviction and St. Simeon's knew about it before terminating her employment refutes Johnson's retaliatory discharge claim. St. Simeon's is entitled to judgment as a matter of law.

¶ 19 AFFIRMED.

MITCHELL, P.J., and JOPLIN, J., concur.

---

4. Violations of the Nursing Home Care Act should be directed to the State Department of Health. The State Department of Health is responsible for enforcing the Nursing Home Care Act and taking remedial action against nursing homes that violate the statute. 63 O.S.Supp. 2008 § 1–1914.1(A).