Karen J. THOMASON, Plaintiff–Appellant,

v.

BETTER–BILT ALUMINUM PRODUCTS, INC., Defendant–Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Jan. 8, 1992.

Permission to Appeal Denied by Supreme Court April 27, 1992.

Phillip M. George, Smyrna, for plaintiff-appellant.

Charles Hampton White, Cornelius & Collins, Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

In this action for a retaliatory discharge, the trial judge directed a verdict at the close of the plaintiff's proof. The sole issue on appeal is whether the plaintiff introduced any evidence from which the jury could conclude that she was discharged for asserting her rights under the workers' compensation law. We affirm the action of the lower court.

### I.

Ms. Thomason was injured on the job on Saturday, July 23, 1988, when she got a sliver of glass in her wrist. On Monday, July 25, her employer gave her a list of five doctors whom she could consult. She picked out one of the doctors who examined her and sent her back to work. Ms. Thomason was dissatisfied with her treatment, feeling that the doctor verbally abused her.

On July 28, when the pain in her arm persisted and she had difficulty in performing her duties at work, Ms. Thomason went to the personnel office and demanded that she be sent to another doctor. Although Ms. Thomason knew that she was scheduled to see a specialist on August 1, she insisted on going that day to someone other than the doctor who first treated her. The company personnel manager told her that if she went to a doctor of her own choosing the company would not pay for it. Despite the company's position Ms. Thomason angrily left the office and went to another doctor.

When she returned to work the next day Ms. Thomason was prevented from clocking in because the company took the position that she had voluntarily quit. She denied that she had quit, and, for the purpose of this appeal, we must resolve that dispute in her favor. Almost a year later Ms. Thomason brought this action for a retaliatory discharge.

### II.

The plaintiff acknowledges that she was an at will employee; that is, an employee who could ordinarily be discharged by her employer for any reason without the employer incurring any liability for breach of the employment contract. *Whittaker v. Care–More, Inc.,* 621 S.W.2d 395 (Tenn.App.1981). In 1984, however, our Supreme Court held that the Workers' Compensation Act prevented an employer from firing an employee in retaliation for filing a workers' compensation claim. *Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441 (Tenn.1984). The Court said that under the circumstances alleged there, a cause of action for retaliatory discharge was necessary to preserve the benefits of the Workers' Compensation Act for injured employees. *Clanton,* 677 S.W.2d at 444–445.

### III.

Although later cases from our Supreme Court have extended or restricted the rule announced in *Clanton,* none of the cases from our highest court have dealt with the quantum of proof required to go to the jury on the question of retaliatory discharge. In *Chism v. Mid–South Milling Co.,* 762 S.W.2d 552 (Tenn.1988), the court said that retaliation must be a *substantial* factor in the termination.

Cases from other jurisdictions must be read carefully because in some cases the retaliatory discharge cases are handled by a commission or another administrative agency. See cases cited in 2A Larson, *The Law of Workmen's Compensation* § 68.-36. Consequently those courts are dealing with the ultimate burden of proof rather than what constitutes a prima facie case. *See Delano v. City of South Portland,* 405 A.2d 222 (Me.1979) (plaintiff must prove that the discharge or demotion was rooted "substantially or significantly" in the employee's exercise of his rights under the workers' compensation act); *see also Henderson v. St. Louis Housing Authority,* 605 S.W.2d 800 (Mo.App.1979); *Vollenweider v. New Orleans Public Service, Inc.,* 466 So.2d 804 (La.App.1985).

In *Buckner v. Gen. Motors Corp.,* 760 P.2d 803 (Okla.1988), the court did discuss what constitutes a prima facie case for the

purpose of defeating a motion for summary judgment. Apparently relying primarily on federal rules in anti-discrimination cases, the court said:

> The discharged employee must show employment, on the job injury, receipt of treatment under circumstances which put that employer on notice that treatment had been rendered for a work-related injury, or that the employee in good faith instituted or caused to be instituted proceedings under the act, and consequent termination of employment.

*Buckner*, 760 P.2d at 806.

Once the plaintiff meets this initial burden, the *Buckner* court held, the burden then shifts to the employer to justify the termination on other grounds. *Id.*

Opposed to the rule in *Buckner* is this court's decision in *Johnson v. St. Francis Hospital, Inc.*, 759 S.W.2d 925 (Tenn.App. 1988), where the court sustained a judgment notwithstanding the verdict, holding that there was no proof in the record that plaintiff was discharged for making a workers' compensation claim. The court said:

> Counsel have not cited, nor has our research revealed a Tennessee case dealing with the evidence required to prove a prima facie case of retaliatory discharge. There are cases from other jurisdictions which can give us some guidance.
>
> In *Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273 (Mo.1984), the Court considered the evidence necessary for a prima facie case under the Missouri statute prohibiting retaliatory discharge and stated:
>
> The action authorized by this statute has four elements: (1) plaintiff's status as employee of defendant before injury, (2) plaintiff's exercise of a right granted by Chapter 287, (3) employer's discharge or discrimination against plaintiff, and (4) an exclusive causal relationship between plaintiff's actions and defendant's actions.

*Johnson*, 759 S.W.2d at 928.

We think the decision in *Johnson* stands for the proposition that, in order to get to the jury, there must be some proof of causation other than the facts showing employment, the exercise of rights under the workers' compensation act, and a subsequent discharge. That is, the plaintiff must also show the causal link by direct evidence (as where the employer has an established policy, *see, e.g., Clanton, supra;* or where the employer admits the reason for the termination, *see, e.g., Hansome v. Northwestern Cooperage Co.*, 679 S.W.2d 273 (Mo.1984) and *Smith v. Mallory Timers Co.*, 63 N.Y.2d 1002, 484 N.Y.S.2d 505, 473 N.E.2d 733 (1984); or by compelling circumstantial evidence, *see, e.g., Arie v. Intertherm, Inc.*, 648 S.W.2d 142 (Mo.App.1983).

In this case Ms. Thomason testified that she did not know why her employer fired her and that she had no proof to back up her claim that she was terminated because of her injury. The only facts are the ones found insufficient in *Johnson:* injury, the assertion of a workers' compensation right, and a subsequent discharge. Therefore, we think that the trial judge was correct in directing the verdict in favor of the employer.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.