IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

## HOWARD L. FULLER, v. ASTEC INDUSTRIES, INC.

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 98-C-0111      Hon. W. Neil Thomas, III, Circuit Judge**

**FILED SEPTEMBER 8, 2000**

**No. E2000-00721-COA-R3-CV**

Plaintiff filed a retaliatory discharge action based on dismissal from employment for filing a worker's compensation claim. The Trial Judge held the record established the dismissal was not retaliatory. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Michael A. Anderson, Chattanooga, Tennessee, for appellant, Howard L. Fuller.

W. Jeffrey Hollingsworth and Alicia Brown Oliver, Chattanooga, Tennessee, for appellee, Astec Industries, Inc.

**OPINION**

Plaintiff's action seeking damages for retaliatory discharge for filing a worker's compensation claim was dismissed by the Trial Judge by summary judgment. Plaintiff has appealed.

Plaintiff was employed in 1986 as a fitter/welder, and the genesis of this action was an on-the-job injury claimed by plaintiff in October of 1995, where he sustained disabling injuries, rendering him unable to perform the duties of his former position. He was on medical leave of absence from his injury until October 7, 1996. In the fall of 1996, the employer created a new light duty position in the Department of Engineering for plaintiff, which duties consisted of inputting bills

and materials into the computer for accounting purposes. He was hired on a trial basis for this job, with no guarantees as to permanence. He was employed in this job for approximately two months, and in December of 1996, the employer's President issued a directive that all department budgets were to be reduced by 10% across the board, and each department head was charged with the responsibility of formulating a plan to achieve this reduction. The Engineering Department elected to reduce the number of employees, laying off seven employees, including plaintiff, in January 1997. It was explained that plaintiff's position was abolished because it was not integral to the operation of the department.

Plaintiff's worker's compensation suit was settled on July 17, 1997, and he received a 60% permanent partial disability award. On January 5, 1998, he filed this action alleging a retaliatory discharge.

Responding to a Motion for Summary Judgment, the Trial Court entered a memorandum granting summary judgment.

Our standard of review for a motion for summary judgment is well settled. Our inquiry involves purely a question of law, and no presumption of correctness attaches to the Trial Court's judgment. *See* Tenn.R.App.P. 13(d); *Hembree v. State*, 925 S.W.2d 513 (Tenn. 1996).

In deciding a motion for summary judgment, courts must view the evidence in the light most favorable to the non-moving party and must also draw all reasonable inferences in the non-moving party's favor. See *Staples v. SBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Courts should only grant summary judgment where both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. See *Staples*.

A cause of action for retaliatory discharge based upon the filing of a worker's compensation claim is actionable in this State. *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984).

Four elements compose the cause of action for discharge in retaliation for asserting a workers' compensation claim:

(1) the plaintiff was an employee of the defendant at the time of the injury;

(2) the plaintiff made a claim against the defendant for worker's compensation benefits;

(3) the defendant terminated the plaintiff's employment; and

(4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Anderson v. Standard Register Company,* 857 S.W.2d 555-558 (Tenn. 1993).

The Trial Court found that plaintiff failed to establish a *prima facie* case for retaliatory discharge, in that he had not shown that his claim for worker's compensation benefits was a substantial factor in his employer's motivation to terminate him. Initially he failed to show facts to rebut the employer's statement of its legitimate business reason for termination. Specifically, the Trial Court found that plaintiff had offered no evidence to support a claim of retaliatory discharge "other than his own feelings" and that the plaintiff had "no evidence that the individuals who were separated from Astec's employment at the time of his separation were terminated to provide a pretext for Astec to retaliate against him." The plaintiff in his deposition answered as follows:

> Q.      Is it your opinion that the reason you had been laid off was because you had filed the workers' comp claim because of you accident in 1995?
>
> A.      I felt it was.
>
> Q.      What evidence fo you have to support that?
>
> A.      My own feelings.
>
> Q.      Do you have anything else besides your own feelings?
>
> A.      Not really.

In order to establish the element of causation, the plaintiff must present some proof other than merely the facts showing his employment, his exercise of rights under the Workers' Compensation Law, and his subsequent discharge. *Thomason v. Better-Bilt Aluminum Prods., Inc.*, 831 S.W.2d 291, 293 (Tenn. Ct. App. 1992). Various Courts have considered what type of circumstantial evidence will support the necessary causal link. For example, a plaintiff's subjective beliefs and speculations about the reason for her discharge likewise do not establish the necessary causal link. See *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677 (Tenn. Ct. App. 1999); *Anderson*. Moreover, the mere proximity in time between the employee's filing of a workers' compensation suit and the termination of the employee is insufficient to establish a *prima facie* case. See *Birchett v. Nashville Co., Inc.*, 2000 WL 640895 (Tenn. Ct. App. May 19, 2000).

Assuming *arguendo* that plaintiff established a *prima facie* case for a retaliatory discharge, which we do not find, the burden would then shift to the employer to show a legitimate reason for plaintiff's discharge. The employer asserts that plaintiff's lay-off was based on a reduction of force necessitated by a directive to the engineering department to reduce its budget by ten percent. The head of the department stated that he decided to eliminate plaintiff's position because it was less essential than that of the draftsmen. According to him, while the elimination of plaintiff's position would have an impact on the department, it would not have the same "devastating

impact on the Engineering Department" that the absence of a significant number of draftsmen would have. It is undisputed that plaintiff did not possess the skills necessary for the job of draftsman.

The termination of a plaintiff due to general business conditions and not for reasons specific to the individual is generally found to be for a legitimate, non-pretextual reason. See *Anderson* (citing 2A A. Larson, the Law of Workmen's Compensation, § 68.36(d), pp. 188-191 (1990)). This is particularly true where there are general layoffs involving other employees which are in no way involved in any retaliation. *Id.*

Plaintiff argues that of the other six employees terminated, two permanent employees voluntarily took early retirement, and the other four were temporary employees, and that he was the only full time employee that was involuntarily laid off. Further he was the only employee at the time with a pending workers' compensation claim. He points out that several new employees were added to the Engineering Department within six months of his layoff, and two of the employees who were laid off at the same time with him were subsequently rehired.

Despite these circumstances, plaintiff admits that there was a cost-cutting program implemented, and has offered nothing to show that the six other employees who were terminated were laid off simply to provide a pretext for the employer's retaliation. Of the two laid off employees who were subsequently rehired, one was hired as a part-time draftsman with lower pay and no benefits, and the other was hired part-time in a different department. And while additional employees were hired by the Engineering Department after plaintiff was laid off, plaintiff's old position was never filled; his duties were integrated into the draftsmen's jobs.

We conclude, because plaintiff failed to produce evidence to rebut defendant's legitimate reason for his termination, the Trial Court properly granted summary judgment to the defendant.

We affirm the summary judgment and remand with costs assessed to the plaintiff, Howard L. Fuller.

_____
HERSCHEL PICKENS FRANKS, J.

-4-