IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 24, 2007 Session

# PATRICIA "KAY" PROVONSHA, v. STUDENTS TAKING A RIGHT STAND, INC. (STARS)

Direct Appeal from the Chancery Court for Hamilton County
No. 04-1303, Part I    Hon. W. Frank Brown, III., Chancellor

No. E2007-00469-COA-R3-CV  - FILED DECEMBER 3, 2007

The gravamen of this action is an alleged retaliatory discharge. Plaintiff charged defendant with a common law violation, as well as a violation of the Tennessee Public Protection Act. Defendant moved for summary judgment which the Trial Court granted. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Doug S. Hamill and Steven F. Dobson, Chattanooga, Tennessee, for appellant.

Kelly P. Kirkland and Bruce D. Gill, Chattanooga, Tennessee, for appellee.

## OPINION

### Background

Patricia "Kay" Provonsha filed a complaint against her former employer, Students Taking a Right Stand ("STARS"), alleging she was wrongfully discharged pursuant to the Tennessee common law tort of retaliatory discharge and the Tennessee Public Protection Act, also referred to as the Tennessee Whistleblowers statute.[1] Defendant filed its answer, and a Motion for Summary Judgment, and supported its motion with a memorandum of law, a statement of material facts, and

---

[1]Tenn. Code. Ann. § 50-1-304.

six affidavits. Responding to the Motion for Summary Judgment, the Trial Judge granted the Motion and dismissed plaintiff's action. Plaintiff filed a Rule 60.02 Motion to set aside the summary judgment on the grounds of excusable neglect and to permit discovery to be conducted. Subsequently, an Agreed Order of Reinstatement was entered and the motion for summary judgment was rescheduled for September 7, 2005. On May 17, 2005 defendant filed an amended Answer and Counterclaim alleging that plaintiff's suit was without merit and seeking to recover expenses and attorney fees associated with the case as provided by the TPPA.

Plaintiff response to defendant's Motion was supported by plaintiff's affidavit and the affidavits of two former members of defendant's Board. Plaintiff's response made reference to the deposition testimony of plaintiff and Dr. Robert Hopkins[2], however the transcripts of the depositions were not attached to the response and are not in the technical record for the case before us, nor was the deposition testimony considered by the Trial Court in deciding the motion for summary judgment. Defendant filed a reply to plaintiff's response supported by a supplemental affidavit of the STARS office manager, Mary Hess, and the affidavit of the former STARS Board chair, Karen Hutton, setting forth non-discriminatory reasons for plaintiff's discharge. The deposition transcripts of Mary Hess and Karen Hutton were also filed in the record and considered by the Trial Court.

The Chancellor entered a thirty-one page Memorandum Opinion and Order on July 6, 2006 granting defendant's motion for summary judgment and dismissing plaintiff's suit. The Chancellor held that plaintiff's claim under the TPPA failed because she had not established that her whistleblowing activities were the sole cause of her discharge as required by the statute and did not make out a prima facie case as she was not terminated because of a duty imposed on her by public policy and she was not asked to lie or remain quiet. Further, plaintiff did not establish direct or compelling evidence of a casual link between her report of alleged illegal activity and her discharge.

Defendant's counter claim for costs and attorney fees was not addressed in the Order.

Plaintiff filed a notice of appeal on July 20, 2006, and apparently filed a "Notice of Late-Filed Exhibits" in the Trial Court after the notice of appeal was filed seeking to have depositions added to the record. The Trial Court struck the late-filed exhibits by order, and held that the depositions were not timely admitted into evidence and were not considered by the Court in its ruling on defendant's motion for summary judgment.

This appeal resulted in a dismissal by this Court because it lacked jurisdiction as there was no final judgment on defendant's counter-complaint for costs and fees under the TPPA.

Upon remand, plaintiff filed a motion for summary judgment on defendant's counter claim, and on February 5, 2007, the Trial Court granted plaintiff's motion for summary judgment dismissing the counter claim but denied plaintiff's motion to set aside the order granting summary

---

[2]Dr. Hopkins was the Director of STARS and Ms. Porvonsha's supervisor.

judgment in favor of defendant.

This appeal ensued and neither party raised the dismissal of defendant's counter claim or the denial of plaintiff's Rule 60 motion.

## Issue on Appeal

Whether the Trial Court erred in granting defendant's Motion for Summary Judgment, and dismissing plaintiff's claim for wrongful discharge pursuant to the common law tort of retaliatory discharge and the Tennessee Public Protection Act?

## Discussion

Summary judgment is appropriate only when the moving party demonstrates through the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P.56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). We review a summary judgment motion *de novo* as a question of law without a presumption of correctness. *Finister v. Humboldt General Hosp., Inc.*, 970 S.W. 2d 435, 437 (Tenn. 1998). The evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party. *Byrd*, 847. If both the facts and conclusions to be drawn from them permit a reasonable person to reach only one conclusion, summary judgment is appropriate. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).

The Tennessee Supreme Court succinctly set forth the burden shifting scheme employed by the courts in a retaliatory discharge case when considering a defendant/employer's motion for summary judgment as follows:

> Where . . . the claim is one alleging retaliatory discharge and the essential factor to be determined is the employer's motivation, direct evidence of that motivation is rarely within the plaintiff's possession. See, e.g., *Mason v. Seaton*, 942 S.W.2d 470, 474 (Tenn.1997). Consequently, the reviewing court must make a determination of whether the "proffered admissible evidence shows circumstances that would be sufficient to permit a rational trier of fact to infer a [retaliatory] motive. It is not the province of the summary judgment court itself to decide what inferences should be drawn." *Id.* at 473 (citations omitted). The evidence of causation must be viewed in a light most favorable to the nonmoving party and all reasonable inferences must be made in that party's favor. *Id.; Byrd*, 847 S.W.2d at 215. The burden of proof rests upon the plaintiff to prove a causal relationship between the plaintiff's whistleblowing activity and the termination of employment. See *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558-59 (Tenn.1993). If the plaintiff is able to demonstrate this causal link, the employer then bears the burden of showing a "legitimate, non-pretextual reason for the employee's discharge." *Id.* at 559.

Summary judgment should be granted only when the facts and inferences drawn from those facts permit a reasonable person to reach only one conclusion. *Carvell*, 900 S.W.2d at 26.

*Guy v. Mutual of Omaha Ins. Co.,* 79 S.W. 3d 528, 534-35 (Tenn. 2002).

It is well established that this State follows the common law doctrine of "at will" employment wherein employment contracts of indefinite duration are terminable at the will of either the employer or the employee for any or no cause. *Guy*, at 534-5. However, there is a narrow exception to the "at will" doctrine, the "public policy doctrine", which "restricts an employer's right to terminate an employee when such an action violates a clearly established public policy." *Bright v. MMS Knoxville, Inc.,* No. M2005-02668-COA-R3-CV, 2007 WL 2262018 at *3 (Tenn. Ct. App. Aug. 7, 2007)(citing *Chism v. Mid-South Milling Co.*, 762 S.W. 2d 552, 555-56 (Tenn. 1988)). The "public policy doctrine" is expressed by both the common law tort of retaliatory discharge and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304(a), or the "Whistleblowers Statute".

Subsequent to the *Clanton* and *Chism* decisions, the Supreme Court framed the cause of action for retaliatory discharge as recognizing that "in limited circumstances, certain well-defined unambiguous principles of public policy confer upon employees implicit rights which must not be circumscribed or chilled by the potential of termination." *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 717 (Tenn. 1997). The Court, however, stated the exception to the employment at will doctrine should be narrowly applied. *Id.* At 717 n.3. The Court has expressed the elements an employee must show to state a claim for the common law tort of retaliatory discharge as follows: (1) that an employment at will relationship exists; (2) that the employee was discharged; (3) that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights or compliance with clear public policy. *Crews v. Buckman Laboratories Int'l, Inc.,* 78 S.W. 3d 852. 862 (Tenn. 2002)(citing *Reynolds v. Ozark Motor Lines, Inc.,* 887 S.W.2d 822, 825 (Tenn. 1994); *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn. 1993) .

This Court embraced the expansion of the common law when it reviewed the elements and burden of proof in both a common law action for retaliatory discharge and under the Tennessee Public Protection Act in *Collins v. AmSouth Bank*, No. M2005-02544-COA-R3-CV, 2007 WL 2198178 at *4 (Tenn. Ct. App. July 26, 2007). The Court referred to both the common law and statute as providing protection to whistleblowers and stated that the primary difference between the common law claims and statutory claims is that, "to benefit from the statutory protection, an employee must demonstrate that his or her refusal was the *sole* reason for his or her discharge." *Collins* at *4, and *Guy* at 535-37. The Court stated that a plaintiff asserting either a statutory or common law whistleblowing claim must prove that the employer violated a law or regulation and that plaintiff's efforts to bring to light these activities furthered an important public policy interest rather than their personal interest. *Collins*; and *Franklin v. Swift Transp. Co.*, 210 S.W. 3d 521,

531.)  The *Collins* court articulated the policy behind whistleblower protection as: "[t]he common-law and statutory protection afforded to whistleblowers stems from the principle that an employee should not be placed in the dilemma of being forced to choose between reporting or participating in illegal activities and keeping a job." *Id. (*citing *Franklin v. Swift Transp. Co.*, 210 S.W. 3d 521, 530).

Two years after the *Chism* decision, the legislature enacted the Tennessee Public Protection Act (TPPA), also know as the Tennessee "Whistleblower Act".

The relevant parts of the TPPA to the instant case are as follows:

(a) No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.

(c) As used in this section, "illegal activities" means activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare.

(d)(1) Any employee terminated in violation of this subsection (a) shall have a cause of action against the employer for retaliatory discharge and any other damages to which the employee may be entitled.

Tenn. Code. Ann. § 50-1-304.

The statute's protection extends to employees who have a reasonable belief that a law or regulation has been or will be violated and in good faith report it.  *Mason v. Seaton*, 942 S.W. 2d 470, 472 (Tenn. 1997).

In a suit brought pursuant to the TPPA the plaintiff/employee must first establish a *prima facie* case, based on direct or circumstantial evidence, showing a causal relationship between plaintiff's refusal to participate in or to remain silent about an illegal activity and the employer's decision to terminate the employee.  *Forrest v. City of Ridgetop, et al.,* 2003 WL 21954195 at * 2, (Tenn. Ct. App. August 15, 2003).  The employee must establish that the employer's motivation for discharge was based solely on the plaintiff's refusal to participate in illegal activity or to remain silent.  *Forrest*.  If plaintiff meets the burden of establishing a prima facie case,  the burden shifts to the defendant/employer to come forward with a legitimate, nondiscriminatory and non-pretextual reason for the discharge.  *Id.; Hill*.  If the defendant is able to present such a reason, the burden of proof shifts back to the plaintiff to show that defendant's proffered reasons are pretextual or not worthy of belief.  *Hill*.  To meet this burden, plaintiff must show by admissible evidence either "(1) that the proffered reason has no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate the discharge." *Forrest* at * 2.

The courts, when applying the common law cause of action for retaliatory discharge have likewise followed the burden shifting scheme as developed under federal employment law as

under the Statute. *Forrest v. City of Ridgetop, et al.,* No. M2002-01176-COA-R3-CV, 2003 WL 21954195 at \*2 \*(Tenn. Ct. App. Aug. 15, 2003); *Hill v. Perrigo,* No. M-2000-02452-COA-R3-CV, 2001 WL 694479 at \*6 (Tenn. Ct. App. June 21, 2001). *See Anderson v. Standard Register Co.*, 857 SW2d 555,559 (Tenn. 1993); *Johnson v. Nissan North America*, M2006-0046-COA-R3-CV, 2007 WL 551181 at \*3 (Tenn. Ct. App. February 22, 2007); *Ellis v. Buzzi Unicom*, No. 1:06-CV-96, 2007 WL 1464594 at \*7 (E. D. Tenn. May 16, 2007).

Plaintiff's status was an at will employee of defendant, and that she was discharged are undisputed facts. The fact that plaintiff reported or refused to remain silent regarding the alleged wrongful activities is also not in dispute. Plaintiff maintains that she had reasonable cause to believe that Dr. Hopkins was engaged in illegal activities. Plaintiff's allegations of illegal activity against Dr. Hopkins were proved to be baseless by three separate investigations. However, she can maintain her action as long as her belief that a law was violated was reasonable and she acted in good faith in reporting it. *See, Mason*. The final element for establishing a prima facie case under either the common law or the TPPA is that plaintiff must show a causal link between reporting the illegal activity and her discharge. Under the TPPA the whistleblowing must be found to be the sole reason for discharge for the plaintiff to prevail and under common law the whistleblowing must be a substantial reason for the discharge. In this case the distinction is immaterial because plaintiff never established a casual link between her reports about Dr. Hopkins and her discharge. Proximity in time between the protected act and the discharge is not sufficient to show a causal relationship. *Mason*. In *McCain v. Airport Honda*, No. 03A01-9603-CV-00099, 1996 WL 557794 (Tenn. Ct. App. Oct. 2, 1996) plaintiff, a car salesman, discovered that some of his co-salesmen were forging customers' names to contracts for service the customers did not request. Plaintiff reported this activity to the management of the dealership. Six weeks after his report, he was fired. Plaintiff filed a retaliatory discharge action, and this Court examined whether plaintiff had satisfied the causal element of a common law retaliatory discharge suit, whether plaintiff's whistleblowing on the forgery of his co-workers was a substantial factor in his employer's motivation to terminate him. The Court found that the only evidence linking the reporting of the forgery and the termination was that plaintiff was fired six weeks after making his report to a supervisor and this was not enough to satisfy plaintiff's burden based on the following reasoning:

> Evidence of causation requires more than the facts showing employment, the exercise of rights, and a subsequent discharge. *Thomason v. Better-Bilt Aluminum Products, Inc.* 831 S.W. 2d 291, 293 (Tenn. Ct. App. 1992). It requires direct evidence or compelling circumstantial evidence. *Id.* Also see *Moskal v. First Tennessee Bank,* 810 S.W.2d 509 (Tenn. App. 1991). The plaintiff's mere 'belief or understanding' of why he was dismissed, is not sufficient to create a genuine issue of material fact. *Newsome v. Textron Aerostructures,* 924 S.W. 87 (Tenn. App. 1995). The Tennessee Supreme Court has rejected the idea that a short length of time between the incident and the dismissal constitutes a prima facie showing of retaliation. *Conatser v. Clarksville Coca-Cola,* 920 S.W.2d 646 (Tenn. 1995) (dismissal three days after returning to work from injury recuperation was insufficient to show causal connection). While the *Conatser* court quoted a treatise stating "proximity in time

without evidence of satisfactory job performance does not make a prima facie case", some evidence of plaintiff's satisfactory job performance is not compelling circumstantial evidence of the casual connection.

*McCain* 1996 WL 557794 at *1, 2.

Here the only circumstantial evidence plaintiff points to that her whistleblowing was the cause of her discharge is that Dr. Hopkins found out about her whistleblowing on December 5, 2003 and she was terminated on December 14, 2005. After her claimed illegality was found to be groundless, she offered to resign her employment on December 12. When Dr. Hopkins took her up on the offer, she rescinded it and, after a discussion with Ms. Hutton about plaintiff's job performance, he discharged her.[3] Because plaintiff produced no evidence, direct or circumstantial to support her opinion that she was discharged because of her reports of alleged illegal activity, she has failed to make a prima facie case and the burden to establish that defendant had legitimate, non-pretextual reasons to terminate plaintiff was not triggered.

We affirm the summary judgment in favor of defendant and remand, with the cost of the appeal assessed to Patricia "Kay" Provonsha.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[3]Defendant's depositions and affidavits set forth non-pretextual grounds to terminate plaintiff.